IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40023-SMY |
| | ) |
| FRANK P. BURRUS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**YANDLE, District Judge:**

Defendant Frank P. Burrus was sentenced on April 21, 2022 to 168 months' imprisonment, consisting of 168 months for Distribution of Methamphetamine (Counts 1, 3), and 120 months for Felon in Possession of a Firearm (Count 2), to run concurrently (Docs. 57, 60).

Burrus recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 63). Pursuant to SDIL Administrative Order 362, Federal Public Defender Patrick Kilgore entered his appearance on Burrus's behalf in order to determine his eligibility for a sentence reduction (Doc. 66). FPD Kilgore has now moved to withdraw, asserting that Burrus is ineligible for a sentence reduction under Amendment 821 (Doc. 67). Burrus has not responded.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Burrus's total offense level at sentencing was 31 and his criminal history category was IV. Even with a revised calculation under Amendment 821, Burrus remains a criminal history category IV and the sentencing guideline range remains the same. Thus, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 67) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 63) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 5, 2024**

**STACI M. YANDLE**
**United States District Judge**